IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
(Charlottesville Division)

| | |
|---|---|
| INTERSTATE INDUSTRIES, INC. | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No:_____ |
| | ) |
| JONATHAN SCHNEIDERMAN | ) |
| d/b/a METAMUSIC RECORDS | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT

Interstate Industries, Inc. ("Interstate"), by counsel, states as follows for its Complaint against Jonathan Schneiderman d/b/a MetaMusic Records ("Metamusic").

### I.  THE PARTIES

1. Interstate is a corporation organized and existing under the laws of the Commonwealth of Virginia with its principal place of business located at 167 Main Street, Lovingston, Virginia 22949. Since 1956, Interstate has researched the effect of audio on human consciousness and has applied its resulting theories to create and distribute mind-broadening audio products, which it has done since 1962. Interstate sells its music products via its interactive www.metamusic.com website.

2. Upon information and belief, Jonathan Schneiderman operates a sole proprietorship doing business as Metamusic Records with a principal place of business at 320 Cedar Street, Santa Cruz, California, 95060. Upon information and belief, Metamusic is retail music store with a focus on its on-line store that sells music through its interactive website at www.metamusiconline.com.

## II.     JURISDICTION AND VENUE

8.     The Court has jurisdiction over this matter pursuant to 15 U.S.C. §1121, 28 U.S.C. §§1131, 1338(a) and 1367.

9.     Venue in this Court is proper under 28 U.S.C. §1391(b) and (c).

## III.    INTERSTATE'S TRADEMARK REGISTRATIONS AND DEFENDANT'S USE OF THE MARK

10.    Interstate is the owner of U.S. Registration No. 1,408,298 for the METAMUSIC mark for use in connection with audio cassette tapes and phonographic records pertaining to human mental processes ("METAMUSIC Mark").  Interstate has used the METAMUSIC Mark since at least May 15, 1983 and the METAMUSIC Mark was registered on September 9, 1986.  The METAMUSIC Mark is incontestable.

11.    Interstate is also the owner of U.S. Registration No. 2,887,040 for the METAMUSIC mark for use in connection with prerecorded compact discs featuring instructions and materials for mental conditioning and relaxation techniques. ("METAMUSIC II Mark")(collectively the METAMUSIC Mark and METAMUSIC II Mark are referred to as the "METAMUSIC MARKS").  Interstate has used the METAMUSIC II Mark since at least September 1, 1993 and the METAMUSIC II Mark was registered on September 21, 2004.

12.    Metamusic is using the METAMUSIC Mark in connection with the sale of prerecorded music, including on-line sales.  Accordingly, the Defendant is using the identical mark in connection with the sale of the same or similar goods.

## V.   CAUSES OF ACTION

### COUNT I

**(Infringement of the METAMUSIC Marks in Violation of 15 U.S.C. §1114(1))**

13.   Interstate incorporates paragraphs 1-12 as though fully set forth herein.

14.   Metamusic's use of the METAMUSIC mark in connection with the sale of prerecorded music, has caused confusion and/or is likely to cause confusion as to the source or origin of Metamusic's goods.

15.   Interstate is being irreparably harmed by Metamusic's conduct and has no adequate remedy at law. Metamusic's past and continued use of the METAMUSIC mark constitutes intentional and willful infringement of Interstate's METAMUSIC Marks.

16.   Interstate is entitled pursuant to 15 U.S.C. §1117 to recover from Metamusic all damages Interstate has or will sustain as a result of Metamusic's conduct, including but not limited to all gains, profits and market advantages gained by Metamusic as a result of its infringing acts, in an amount to be determined, along with appropriate injunctive relief.

### COUNT II
**(Unfair Competition in Violation of 15 U.S.C. §1125(a))**

17.   Interstate incorporates paragraphs 1 - 16 as though fully set forth herein.

18.   Metamusic's use of the METAMUSIC mark is calculated to and has caused confusion and deception and/or is likely to cause confusion and deception. The public is likely to believe that Metamusic's goods or services originate from Interstate or are licensed, sponsored, authorized, approved, associated or connected with Interstate's business conducted under the METAMUSIC Marks.

19. Metamusic has deliberately and willfully attempted to mislead the public into believing that Metamusic's goods and services are licensed, sponsored, authorized, approved, associated or connected with Interstate's business conducted under the METAMUSIC Marks.

20. Metamusic's conduct constitutes unfair competition in violation of 15 U.S.C. § 1125(a).

21. Metamusic by and through its infringing acts has made and will continue to make profits to which it is not entitled. Interstate is being irreparably harmed by Metamusic's conduct and has no adequate remedy at law. Interstate will continue to be irreparably harmed by Interstate's conduct unless and until Metamusic is enjoined from its unlawful conduct.

22. Interstate is entitled to damages from Metamusic resulting from Metamusic's conduct, including damages under 15 U.S.C. §1117.

## COUNT III
### (Common Law Trademark Infringement)

23. Interstate incorporates paragraphs 1-22 as though fully set forth herein.

24. Interstate's promotion, advertisement, distribution, sale and/or offering for sale of goods or services bearing the METAMUSIC mark, which is identical to Interstate's METAMUSIC Marks, violates of Interstate's common law trademark rights.

25. Metamusic's infringing activities are causing and/or are likely to cause confusion, deception and mistake among the general consuming public and members of the trade as to the origin of the services provided by Metamusic and Interstate.

26. Upon information and belief, Metamusic's unlawful activities are intended to capitalize on the goodwill and reputation of Interstate, which Interstate has expended substantial time, effort and resources, including financial resources, to build.

27. Metamusic's unlawful activities undermine, dilute and otherwise prejudice and tarnish Interstate's reputation by exploiting without authorization the goodwill associated with the METAMUSIC Marks, on which Interstate has expended substantial time, effort and resources, including financial resources.

28. Metamusic's intentional and willful infringement of Interstate's METAMUSIC Marks has caused irreparable harm to Interstate and Interstate will continue to be irreparably harmed unless and until Metamusic is enjoined from is unlawful conduct.

29. Interstate has no adequate remedy at law.

## VI.    REMEDIES

WHEREFORE, Interstate prays for an order and judgment against Metamusic:

A. Providing that Metamusic, its agents, employees and others acting on its behalf or in concert or participation with it, be permanently enjoined from:

(i) using the METAMUSIC mark, or any other term or designation that incorporates the METAMUSIC mark in a confusingly similar manner, or any colorable imitation thereof, or designations similar thereto, in connection with the offering, sale or promotion of prerecorded music;

(ii) committing any other act calculated or likely to cause the public or trade to believe that Metamusic or its business is in any way connected, licensed, sponsored, affiliated or associated with Interstate, or the business of Interstate, or from otherwise competing unfairly with Interstate; and

       (iii)    using the METAMUSIC mark, or any colorable imitation thereof, in the conduct of business in connection with the sale of prerecorded music on an Internet, including but not limited to an email address.

    B.    Providing that Metamusic account to Interstate for all profits derived from Metamusic's wrongful acts of infringement, and order such profits be paid to Interstate, along with damages and costs sustained by Interstate, with appropriate interest, pursuant to Section 35 of the Lanham Act, 15 U.S.C. §1117, including treble damages.

    C.    Awarding Interstate its reasonable attorneys' fees and such other compensatory damages as this Court may determine to be fair and appropriate pursuant to 15 U.S.C. §1117(a).

    D.    Awarding Interstate treble damages for willful infringement pursuant to 15 U.S.C. §1117(b).

    E.    Granting such other relief as this Court deems proper and necessary.

## DEMAND FOR JURY TRIAL

Interstate hereby demands trial by jury.

                                   Respectfully submitted:

                                    By: /s/ David J. Sensenig
                                    David. J. Sensenig, VSB No. 41102
                                    Angela Isabell, VSB No. 75024
                                    Gavin Law Offices, PLC
                                    2500 Gaskins Road, Suite B
                                    Richmond, Virginia 23238
                                    Telephone: 804-658-1376
                                    Facsimile: 804-784-4423
                                    dsensenig@gavinlawoffices.com
                                    *Counsel for Plaintiff Interstate Industries, Inc.*